IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DONALD JOSEPH CALDERWOOD, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 22-0425-JB-N |
| DANNY EUGENE RAINES, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff Donald Joseph Calderwood, who is proceeding *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 while an inmate at the Harrison County Jail Annex in Marshall, Texas. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous.

### I.  Complaint.  (Doc. 1).

Calderwood used the Court's § 1983 complaint form to file his action against Defendants Danny Eugene Raines, an insurance adjuster with Pilot Catastrophe Services Inc., in Hallsville, Texas; Pilot Catastrophe Services ("Pilot") in Mobile, Alabama; and Brendan Barnhill, Human Resources Director at Pilot, in Mobile, Alabama. (Doc. 1 at 6, PageID.6; Doc. 16 at 1, PageID.132). According to Calderwood, in May, 2019, he suffered a psychotic break. (Doc. 1 at 5, PageID.5). Thus, he cannot remember the details of his complaint thoroughly, and copies of court

filings have not been produced for him after several attempts to receive them. (*Id.*).
Thus, to proceed, he requests this Court to compel production from the Harrison County District Attorney, Jail, Sheriff's Office, and courts. (*Id.*). He is proceeding in this Court because Texas courts and the Fifth Circuit refused him due process. (*Id.* at 4, PageID.4).

Calderwood claims that Defendant Raines "perpetrated fraud, filed false claims[,] [and] caused [him] severe harm [and] injury." (*Id.* at 6, PageID.6). His supporting facts are: "As explained in motion before court and other supporting evidence to be subpoenaed." (*Id.*). Then, Defendant Barnhill "refused to prevent defendant Raines from using Pilot Service in his crimes against Plaintiff." (*Id.*). No facts were offered to support this claim. (*Id.*). And Pilot "provid[ed] tools and abilities for Defendant Raines to commit multiple counts of ins[urance] fraud [and] harm [to] others."[1] (*Id.*). To support this claim, Plaintiff states "production of text [and] email records [and] other items will be required." (*Id.*). For relief, Calderwood wants all who acted in bad faith to be arrested and held for trial, renumeration in the amount of $1000 per day beginning on May 6, 2019, and $25 million in punitive damages. (*Id.* at 8, PageID.8).

No allegations were made that Defendants acted under color of state law or that a violation of a federal right by a Defendant occurred.

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Calderwood is proceeding *in forma pauperis*, the Court is reviewing his

---

[1] Subsequently, Calderwood identified this Defendant as "CEO (Doe) Pilot Catastrophe Services, Inc., 1055 Hillcrest Road #131, Mobile, Alabama 36695." (Doc. 16 at 1, PageID.132). For consistency, this Defendant will continue to be referred to as Pilot.

complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id.*

Moreover, a complaint may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not

give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), *cert. denied*, 574 U.S. 1047 (2014). The court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III. Discussion.

Calderwood filed an action under 42 U.S.C. § 1983. "To prevail on a claim under § 1983, a plaintiff must demonstrate both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." *Grimes v. Sabri,* 674 F. App'x 860, 862 (11th Cir.) (citation and quotation marks omitted), *cert. denied,* 138 S.Ct. 184 (2017). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful[.]" *Am. Mfrs. Mut, Ins. Co. v. Sullivan,* 526 U.S. 40, 50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999) (citations and quotation marks omitted). There are no allegations that Defendants acted under color of state law, and Defendants do not appear to be typical state actors. Moreover, "[o]nly in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).

To address these rare situations "three distinct tests [are employed to] determin[e] whether the actions of a private entity are properly attributed to the state."

4

*Focus on the Family v. Pinellas Transit Auth.,* 344 F.3d 1263, 1277 (11th Cir. 2003).

These tests are as follow:

> (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state." The state compulsion test limits state action to instances where the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution." The nexus/joint action test applies where "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." We must determine on a case-by-case basis whether sufficient state action is present from a non-state actor (defendant) to sustain a section 1983 claim.

*Willis v. Univ. Health Servs.,* 993 F.2d 837, 840 (11th Cir.) (internal citations to *NBC v. Commc'n Workers of Am., AFL-CIO*, 860 F.2d 1022, 1026-27 (11th Cir. 1988) omitted), *cert. denied*, 510 U.S. 976 (1993).

Because the analysis for state action is dependent on the facts of each situation, Calderwood's factual allegations in his complaint must be examined. However, he provided very few facts. His facts only reveal that he is complaining about an insurance situation involving Defendants in which he believes Defendants perpetrated a fraud on him and filed false claims. There are no allegations that these ordinarily private Defendants were performing a function that was traditionally performed by the state, that the government coerced or encouraged Defendants' actions (that must violate the Constitution), or that the state had insinuated itself into an interdependent relationship with a Defendant to make the Defendant a joint participant in an endeavor.

Since the action about which Calderwood complains was not committed by a person acting under color of state law, the § 1983 claims against Defendants lack an

5

arguable basis in law and are therefore subject to dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *Ivey v.*Cobia, 2019 WL 1877969, at *2 (M.D. Ala. 2019) (dismissing as frivolous); *Kennedy v. Union Planters Bank*, 2000 WL 1367987, at *3 (S.D. Ala. 2000) (dismissing as frivolous).

If Calderwood did not intend to bring an action under 42 U.S.C. § 1983, he did not indicate this and did not refer explicitly to another basis for the Court's jurisdiction over his action in his complaint. Nonetheless, the undersigned will examine Calderwood's allegations to determine if they come within the Court's subject-matter jurisdiction. But, because federal district courts "possess only that power authorized by Constitution and statute[,]" this Court's jurisdiction is limited to certain actions that it can hear. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct.1673, 1675, 128 L.Ed.2d 391 (1994). And it is "presumed that a cause lies outside this limited jurisdiction[.]" *Id*.

Upon review of the complaint, the undersigned finds Calderwood's allegations most closely align with the Court's diversity-of-citizenship jurisdiction, 28 U.S.C. § 1332(a). Section 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

"Federal diversity jurisdiction under 28 U.S.C. § 1332 requires 'complete diversity' - the citizenship of every plaintiff must be diverse from the citizenship of every defendant." *Legg v. Wyeth,* 428 F.3d 1317, 1321 n.2 (11th Cir. 2005). Diversity jurisdiction exists only when "there is no plaintiff and no defendant who are citizens of

the same State." *Wisconsin Dep't of Corrs. v. Schacht,* 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998) (holding diversity-of-citizenship jurisdiction is destroyed by the mere presence of one non-diverse defendant).

In the present action, Calderwood indicates that Defendant Danny Eugene Raines is a citizen of Texas. (Doc. 1 at 6, PageID.6). And it appears that Calderwood is a citizen of Texas. In the complaint, Calderwood gave his address as the Harrison County Jail Annex, Marshall, Texas (*Id.* at 1, 6, PageID.1, 6), but for jurisdictional purposes a prisoner's domicile is his domicile before he was incarcerated. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2022). Nevertheless, Calderwood's other actions show that he is a citizen of Texas. *See Calderwood v. State of Texas*, 1:22-cv-00490-JB-N (S.D. Ala. Jan. 25, 2023, remanded) (Doc. 1 at 1, PgeID.17 – "currently domiciled in the State of Texas"); S*tate of Texas v. Calderwood,* 1:22-cv-00501-LY-SH (W.D. Texas May 25, 2022 – remanded) (Doc. 1 at 1 - " a citizen of the State of Texas"; Doc. 1-1 at 6 – describing his business in Texas).[2] Thus, it appears that the citizenships of Calderwood and of Defendant Raines are not diverse for jurisdictional purposes because they are both citizens of Texas. Therefore, the Court alternatively lacks diversity-of-citizenship jurisdiction over this action.

### IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be

---

[2] "The Court takes judicial notice of the case records of other federal courts accessed through U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov." *Smith v. Ivey,* 2020 WL 8167464, at 1 n.2 (S.D. Ala. 2020) (citing *U.S. ex rel. Osheroff v. Humana, Inc.,* 776 F.3d 805, 811 n.4 (11th Cir. 2015) ("Courts may take judicial notice of publicly filed documents," such as documents filed in other courts.)).

dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 9th day of May, 2023.

**/s/ KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**